UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-20360-CIV-MARTINEZ/SANCHEZ

BT WEARABLES LLC,

     Plaintiff,

v.

CITIZEN WATCH CO., LTD. and CITIZEN
WATCH COMPANY OF AMERICA, INC.,

     Defendants.

_____/

### REPORT AND RECOMMENDATION ON
### DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

This matter is before the Court on Defendants' Rule 12(c) Motion for Judgment of Invalidity on the Pleadings, ECF No. 13.[1] After careful review of the motion, Plaintiff's response, the record, and the applicable law, and the undersigned being otherwise fully advised in the premises, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Judgment of Invalidity on the Pleadings, ECF No. 13, be **DENIED**.

## I.      LEGAL STANDARD

Rule 12(c) of the Federal Rules of Civil Procedure permits motions for judgment on the pleadings only after the pleadings have "closed": "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 7(a), in turn, only allows specific pleadings: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a

---

[1] The Honorable Jose E. Martinez, United States District Judge, referred this motion to the undersigned for a report and recommendation. ECF No. 32.

reply to an answer." Fed. R. Civ. P. 7(a). Consequently, "[t]he rule's express provision for an answer to a counterclaim anticipates that the pleadings do not 'close' until an answer has been filed by the counter-defendant (unless the court orders a reply to the answer)." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014) (citing *Flora v. Home Fed. Sav. & Loan Ass'n*, 685 F.2d 209, 211 n.4 (7th Cir. 1982)); *see also Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made."); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2002) (when "a counterclaim, crossclaim, or third-party claim is interposed . . . the filing of an answer to a counterclaim, crossclaim answer, or third-party answer normally will mark the close of the pleadings"). When pleadings are not closed, "Plaintiff cannot move for judgment on the pleadings under Rule 12(c)." *Lee v. McCarthy*, Case No. 17-cv-60471-UU, 2017 WL 11684925, at *2 (S.D. Fla. Sept. 18, 2017); *see Perez*, 774 F.3d at 1139 n.10 ("[W]here a counterclaim is filed, the pleadings are not closed until a response to the counterclaim is filed."); *cf. Doe*, 419 F.3d at 1061 (holding plaintiff's motion for judgment on the pleadings was premature and should have been denied because it was filed before defendant filed an answer).

## II.   ANALYSIS

Here, at the time Defendants filed their motion, the pleadings were not closed. *See Perez*, 774 F.3d at 1136. Indeed, Defendants filed counterclaims (with their answer to the complaint) on the same day that they moved for judgment on the pleadings. *See* ECF Nos. 12, 13. Because Plaintiff had not yet answered Defendants' counterclaims when Defendants filed their motion for judgment on the pleadings, Defendants' motion should be denied.[2] *See, e.g.*, *Lee*, 2017 11684925, at *2 (denying Rule 12(c) motion when plaintiff had not filed an answer to defendant's

---

[2] Notably, Plaintiff never filed an answer to the counterclaims that Defendants asserted in response to Plaintiff's initial complaint.

counterclaim); *Hallmark Ins. Co v. Fannin*, Case No. 1:17-CV-04839-CAP, 2018 WL 8929809, at *1 (N.D. Ga. Apr. 13, 2018) (denying motion for judgment on the pleadings as premature when it was filed "before [a] cross claim, answer to the cross claim, amended counterclaim and answer to the amended counterclaim were filed").

Moreover, even if the pleadings had been closed when Defendants filed their motion (*i.e.*, had Defendants only filed an answer to the complaint without alleging counterclaims), Plaintiff's amended complaint (ECF No. 17) renders the motion moot.[3] *See, e.g.*, *Patterson v. Stathas*, No. 06-14019-CIV, 2006 WL 6885750, at *2 (S.D. Fla. Oct. 4, 2006) (Martinez, J.) (denying as moot third party defendants' motion for judgment on the pleadings "as Plaintiff has been permitted to file an Amended Complaint"); *see also Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (explaining that prior complaint "is no longer a part of the pleader's averments against his adversary") (quoting *Proctor & Gamble Def. Corp. v. Bean*, 146 F.2d 598, 601 n.7 (5th Cir. 1945)); *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint.").

## III.   CONCLUSION

For the reasons discussed above, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion for Judgment of Invalidity on the Pleadings, ECF No. 13, be **DENIED**.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Jose E. Martinez, United States District Judge.  Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district

---

[3] Defendants have since answered the amended complaint, filed new counterclaims, and moved to dismiss the amended complaint.  ECF Nos. 19 & 20.  Moreover, although Plaintiff never filed an answer to the initial counterclaims asserted by Defendants, Plaintiff has since filed an answer to the counterclaims that Defendants asserted in response to the amended complaint.  ECF No. 23.

court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

      **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, this 7th day of October 2024.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:    Hon. Jose E. Martinez
       Counsel of Record